## KAVENAGH, ADMINISTRATOR V. WEEDON.

1. W. sold a tract of land in Virginia to J. while in that State, and promised on his arrival in Alabama, and, as soon as he obtained his wife's relinquishment, to execute a deed for the land.   W. having failed to make a deed, an action was brought by the administrator of J., to recover back the purchase money, to which W. pleaded the statute of limitations.   Held, that the action to recover back the purchase money accrued on the death of the wife of W.: that J. was bound to take notice of that event, and that from that period the statute would commence running although W. had not notified J. of his wife's death.

Writ of error to the Circuit Court of Madison County.

THIS was an action of assumpsit, brought in the court below by the plaintiff in error, as administrator of Richard Jones, on an instrument of writing of the following tenor:

*Gloster, July,* 21, 1823.

Received of Richard Jones a bond of William A. Rogers, amounting at the time of date, to three hundred and sixty two

dollars, twelve cents, and dated, October, 1820, and the further sum of five hundred and seventy seven dollars and seventy one cents, amounting in all, principal and interest on bond, and the above sum in money, to one thousand dollars: being the amount paid for a tract of land, his moiety of Matthew's quarter, lying in Matthews county, formerly the property of John C. Marable, supposed three hundred and seventy acres, more or less, his moiety, being one hundred and thirty-five, for which said land I am to give a deed, as soon as I arrive in the Alabama State and obtain my wife's relinquishment. It is understood, the said Jones is not liable as assignor of the bond of Rogers if not collected.

                                        WM. WEEDON.

To a declaration on this instrument in the usual form, the defendant pleaded non-assumpsit, and the statute of limitations, and judgment was rendered in his favor.

On the trial in the court below, a bill of exceptions was sealed by the presiding judge, from which it appears, that the plaintiff read to the jury the instrument above cited, and proved that the plaintiff's wife inherited the land there mentioned from John C. Marable—that said Jones, at, and before the date of said instrument, resided in Gloster county, Virginia, and continued to reside there until his death, which took place in 1826—that the defendant, at, and before the date of said instrument, resided in Madison county, Alabama—that Jones, after the purchase, took possession of the said land, and continued to occupy it until his death, and further proved, that the defendant's wife died in 1825. The plaintiff also read in evidence, an instrument of writing to the following effect: As I have sold all my interest in and to a tract of land in Matthews county, known by the name of Matthew's quarter, late the property of John C. Marable, and supposed to contain two hundred and seventy acres, my interest being one half, unto Richard Jones, he is hereby authorized, and empowered by me to have a division of the same, and to receive the part that falls to me in right of my wife.

July 22, 1823,                          WM. WEEDON.

It was proved, that said instrument was executed while the

defendant was on a visit in the State of Virginia, and that shortly after, he set out for his residence in Alabama, and arrived in August, 1823.

This being the evidence in the cause, the court charged the jury, that if they believed the testimony, it would be their duty to find for the defendant, on the plea of the statute of limitations, to which charge of the court, the defendant excepted, and now assigns for error.

HOPKINS for plaintiff in error—cited 3 Comyns Dig. 118; L. S; 6 ibid, 85; C. 73; Sugdon on Vendors 181, 3 Stewart 178; Angell on limitations, 67; 3 Mass. 273; ibid 204; 3 John C. Rep. 420.

McCLUNG, contra.

ORMOND, J.—The material question to be considered in this case is, when did the right of action of the plaintiff's intestate accrue, for from that time the statute of limitations, which is pleaded in bar of the suit, commenced running. The defendant undertook by his agreement with the deceased, to convey to him a tract of land in Virginia, as soon as he arrived in Alabama, and obtained his wife's relinquishment.

Whatever may have been the right of the deceased to maintain an action for the purchase money, on the neglect or refusal of the defendant to make the title on demand, during the life of Mrs. Weedon, and waiving the consideration of the question whether it was the duty of Weedon, if he designed to protect himself by the statute of limitations, to notify Jones of his arrival in Alabama, it is certain that at her death, as the performance of the contract became impossible, the deceased had a right of action immediately, and without any act of his against the defendant, for the purchase money of the land.

This is not directly controverted by the counsel for the plaintiff in error: but he insists that as this fact, was more in the knowledge of the defendant than the deceased, that it was his duty to notify him of the fact, and that until such notice given, the statute would not commence running.

30

It is a settled principle, that when a *right is* to accrue to one on the happening of an event within his own knowledge alone, or better known to him than the one from whom the right is to be received, that to entitle himself to demand performance, he must give notice that the event has happened: as when A. promises to pay B. a sum of money when B. attains the age of twenty-one. As the knowledge of this fact, must be better known to B. than to A. he could not maintain an action against A. until he had given him notice that the event had happened, on which the payment of the money depended. Conceding this principle applicable to this case, can the death of Mrs. Weedon be considered an event peculiarly within the knowledge of her husband? It is most manifest that such an occurrence is one of public notoriety, and must have been known to many persons, as well as to her husband. Such an event is usually noticed in the public prints—it is disclosed by the mourning habiliments of the surviving members of the family, and is the subject of general conversation in the neighborhood. It is impossible to say that such an event is peculiarly within the knowledge of one of the parties.

The non-residence of the intestate of the plaintiff in error, might have prevented him from acquiring this knowledge, by those accidental sources of information which were open to those living in the vicinity; but this circumstance cannot change the rule of law. He did know that the title was not made, and if in truth he was ignorant of the fact of Mrs. Weedon's death, any enquiry into the reason of the delay, must have resulted in information to him of the cause. The delay then, was either wilful, or he was grossly negligent of his rights; and either will be alike fatal to him.

As therefore the bar of the statute was complete when this action was commenced, there was no error in the charge of the court, and its judgment is therefore affirmed.